IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IAN MOURA,

    Plaintiff,

v.

KAISER FOUNDATION HEALTH PLAN, INC.,

    Defendant.

No. C 17-02475 JSW

**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Now before the Court is the motion filed by Defendant Kaiser Foundation Health Plan ("Kaiser") to dismiss Plaintiff Ian Moura's first amended complaint. The Court finds the motion suitable for disposition without oral argument and therefore VACATES the hearing set for April 13, 2018. *See* N.D. Civ. L.R. 7-1(b). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby DENIES Kaiser's motion to dismiss.

## BACKGROUND

Plaintiff brings this action for breach of the Employee Retirement Income Security Act of 1974 ("ERISA") on behalf of himself and all other similarly situated. Plaintiff is a twenty-nine year old man who has suffered with anorexia nervosa. (Dkt No. 35, First Amended Complaint ("FAC") ¶ 1.) Plaintiff alleges his claim for treatment for his eating disorder was wrongfully denied amd that Kaiser engages in a "pattern and practice of behavior which results in violation of plan terms, violation of ERISA and its implementing regulations, and violation of the California Mental Health Parity Act and the Federal Mental Health Parity Act." (*Id.* ¶ 2.)

The Court granted Kaiser's motion to dismiss the original complaint on the basis that Plaintiff had failed to allege that he had exhausted his administrative remedies for a benefits claim. The Court further found that to the extent Plaintiff may seek some other remedy, the Court did not find leave to amend to be futile, and leave was granted. Subsequently, Plaintiff filed an amended complaint which omits reference to his claims for benefits pursuant to 29 U.S.C. Section 1132(a)(1)(B) and retains only a claim pursuant to 29 U.S.C. Section 1132(a)(3) for breach of fiduciary duty against the plan administrators. (*Id.* at ¶ 77.) Plaintiff, on behalf of himself and other similarly situated, alleges that Kaiser's pattern and practice of treatment for eating disorders violates ERISA and the California and Federal Health Parity Acts. Kaiser now moves to dismiss the first amended complaint.

The Court shall address additional relevant facts in the remainder of its order.

**ANALYSIS**

**A. Legal Standard for Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. \_\_, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.

2

*See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). The Court may review matters that are in the public record, including pleadings, orders and other papers filed in court. *See id.*

**B.     Motion to Dismiss Breach of Fiduciary Duty Claim.**

Unlike Plaintiff's original complaint which failed to allege a claim for benefits based on Plaintiff's admitted failure to exhaust his administrative remedies, Plaintiff's amended complaint alleges only a breach of fiduciary duty under ERISA. Although as general rule a plan participant must exhaust such remedies prior to filing a legal action, "exhaustion of internal dispute procedures is *not required* where the issue is whether a violation of the terms of the statute has occurred. *Fujikawa v. Gushiken*, 823 F.2d 1341, 1345 (9th Cir. 1987) (emphasis added). Accordingly, where, as in this case, "the participant's claim rests on an allegation of breach of fiduciary duty, the exhaustion requirement is inapplicable." *Rucker v. Pac. FM, Inc.*, 806 F. Supp. 1453, 1460 (N.D. Cal. 1992).

The Court is asked to consider "whether exhaustion of internal remedies is a prerequisite to a court's consideration of an ERISA issue." *See Graphic Communications Union District Council v. GCIU-Employer Retirement Benefit Plan*, 917 F.2d 1184, 1187 (9th Cir. 1990). "[F]ederal courts should usually require that parties seeking a review of a decision by an employee benefit plan's administrator first seek review of that decision from the plan's trustees." *Id.* (citing *Amato v. Bernard*, 618 F.2d 559, 567-68 (9th Cir. 1980)). However, "such exhaustion was not required, . . . before a *statutory* claim under section 510 of ERISA could be brought in federal court." *Id.* (citing *Amaro v. Continental Can Co.*, 724 F.2d 747, 752 (9th Cir. 1984)).

3

Here, Plaintiff now alleges that Kaiser engages in a pattern and practice of behavior in the treatment of its members suffering with bulimia nervosa or anorexia nervosa which violates "ERISA and its implementing regulations, and violation of the California Mental Health Parity Act and the Federal Mental Health Parity Act." (FAC ¶ 2.) In support of the contention that Kaiser violates these statutory provisions, Plaintiff alleges that there are "no Kaiser Plan Providers who offer Residential Treatment for members with bulimia nervosa or anorexia nervosa. Kaiser also does not enter sufficient contracts with outside providers who provide Residential Treatment for bulimia nervosa or anorexia nervosa." (*Id.* ¶ 20.) On this basis, Plaintiff alleges that Kaiser engages in "a variety of conduct, all of which are in breach of its fiduciary duties under ERISA, to preclude, dissuade, bar and block members from accessing Residential Treatment." (*Id.*) Plaintiff further alleges that Kaiser did not permit him or other members of the putative class access to Residential Treatment without prior authorization. (*Id.* ¶ 21.) Regardless of Kaiser's contention that these allegations are untrue, at this procedural posture, the Court cannot adjudicate the merits of the factual dispute. (*See* Reply at 5 n.3.) The Court may only assess whether Plaintiff has made out a claim for breach of fiduciary duty for which the exhaustion requirement is inapplicable. *See Rucker,* 806 F. Supp. at 1460. Based on the allegations of the amended complaint, even absent factual support indicating Plaintiff's exhaustion of remedies for a benefits claim, the Court finds that Plaintiff has alleged a claim for breach of fiduciary duty for which exhaustion allegations are not required. Accordingly, the first amended complaint states a claim for breach of a statutory claim and the motion to dismiss that claim is DENIED.

**CONCLUSION**

Based on the foregoing reasons, Kaiser's motion to dismiss is DENIED. An answer to the amended complaint shall be filed no later than April 13, 2018. The Court HEREBY SETS the initial case management conference for May 18, 2018 at 11:00 a.m. The parties shall file a joint case management statement no later than May 11, 2018.

**IT IS SO ORDERED.**

Dated: March 30, 2018

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4