FILED

DEC 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| I. M., on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>　　　　　Defendant-Appellee. | No.　19-16374<br><br>D.C. No. 4:17-cv-02475-JSW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted October 20, 2020
San Francisco, California

Before: THOMAS, Chief Judge, and KELLY** and MILLER, Circuit Judges.

This putative class action case arises out of a health insurance dispute between I.M. and Kaiser Foundation Health Plan, Inc. ("KFHP"). I.M. alleges that KFHP breached its fiduciary duties owed under the Employee Retirement Income

---

　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　** The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1104(a)(1), by excluding residential treatment programs from its plan and by failing to provide adequate procedures that would enable providers to refer eating disorder patients to residential treatment programs. The district court granted summary judgment in favor of KFHP and denied reconsideration. I ER 1–10. On appeal, I.M. contends that the district court overlooked numerous factual disputes concerning whether KFHP breached its fiduciary duties concerning medically necessary residential treatment. I.M. further contends that there is no support in the record that I.M. turned down help in getting residential treatment and instead opted for private-pay out-of-network residential treatment. This latter proposition is plainly incorrect. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the district court's grant of summary judgment de novo, construing the facts in the light most favorable to the nonmoving party. *Santopietro v. Howell*, 857 F.3d 980, 987 (9th Cir. 2017). However, "[r]ulings regarding evidence made in the context of summary judgment are reviewed for an abuse of discretion." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

## DISCUSSION

Because the parties are familiar with the facts and procedural background, we need not restate them here. "ERISA protects employee pensions and other benefits by providing insurance . . . , specifying certain plan characteristics in detail . . . , and by setting forth certain general fiduciary duties applicable to the management of both pension and nonpension benefit plans." *Varity Corp. v. Howe*, 516 U.S. 489, 496 (1996). One of ERISA's basic purposes is to protect participants and beneficiaries "by establishing standards of conduct, responsibility, and obligation for fiduciaries," and "providing for appropriate remedies . . . and ready access to the Federal courts." *Id.* at 513 (quoting ERISA § 2(b), 29 U.S.C. § 1001(b)). Under ERISA, a beneficiary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

I.M. asserts a breach of fiduciary duty under § 1132(a)(3), and therefore must show "both (1) that there is a remediable wrong, *i.e.*, that the plaintiff seeks relief to redress a violation of ERISA or the terms of a plan; and (2) that the relief sought is 'appropriate equitable relief.'" *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 954 (9th Cir. 2014) (internal citations omitted). I.M. fails to

3

establish the first element; thus, the district court properly granted summary judgment in favor of KFHP.

I.M. contends that KFHP breached its fiduciary duty by improperly excluding residential treatment for eating disorders from its plan.  However, I.M.'s own course of treatment belies this argument.  I.M. spent five days at the Center for Discovery — a residential treatment facility — before checking himself out against medical advice.  Other than his own declaration, there is no indication that this treatment was approved as a special, one-time circumstance.  Rather, the evidence and what actually occurred indicates that treatment at the Center for Discovery was plainly covered in his plan.  Undisputed evidence shows that KFHP covered residential treatment, that it had contracts with residential treatment centers to provide in-network options, and that it had a referral system to allow for approval of out-of-network care when necessary.  *See, e.g.*, IV ER 422–23, 430–31; *see also* II ER 61 (I.M.'s Kaiser plan).  I.M. fails to rebut this evidence, relying only on the speculation of one social worker at Herrick hospital who believed Kaiser would not cover additional residential care.  II ER 37.  This is not enough to defeat summary judgment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal citations omitted).  The statement is not one of KFHP and plainly is not a denial of benefits.

Despite his plan's coverage, I.M. repeatedly refused to take advantage of KFHP's residential treatment options, instead opting for a private, out-of-network facility. Although I.M. argues that he never turned down in-network residential treatment, the record proves that he repeatedly told his doctors that he planned to pursue out-of-network residential options. *See, e.g.*, III ER 316, 341, 352; IV ER 565, 583, 594, 607–08.

Furthermore, I.M.'s reliance on *Harlick v. Blue Shield of Cal.*, 686 F.3d 699 (9th Cir. 2012), is misplaced. *Harlick* addressed a denial of benefits claim, *id.* at 707, while, notably, I.M. abandoned his denial of benefits claim after it was dismissed for failure to exhaust administrative remedies. The plan at issue in *Harlick* also expressly excluded residential treatment programs. *Id.* at 709. Although I.M.'s plan has some limiting language, it did not expressly exclude all residential treatment for the treatment of eating disorders and it is undisputed that I.M.'s residential treatment was covered. Thus, I.M.'s argument that his plan excluded residential treatment fails.

I.M. also argues that KFHP breached its fiduciary duty by failing to provide procedures that would enable providers to refer patients with eating disorders to residential treatment. As evidence of this, I.M. points to his providers' confusion about when and how to make such referrals.

Simply put, there is no evidence that KFHP's procedures (or lack thereof)

inhibited I.M. from obtaining residential treatment. Indeed, Dr. Rau, I.M.'s therapist, testified that she would refer patients for residential treatment through KFHP's system and had developed a process for doing so. IV ER 523; SER 150–51, 157–58. Instead, it was I.M. who either refused to consider residential treatment or would only consider out-of-network programs when the option was raised. III ER 316, 341, 352; IV ER 565, 583, 594, 607. Once I.M. decided on residential treatment, he and his mother solicited Dr. Rau's opinion on various out-of-network options and updated Dr. Rau about his progress. IV ER 555–57, 569, 574–75, 579–80, 583, 587, 590–91, 594, 607–08. Just because Dr. Rau did not directly refer patients to residential programs does not make her ignorant of the referral process nor does it create a factual dispute. Likewise, that Dr. Rau did not know of other in-network residential facilities other than the Center for Discovery does not create a genuine issue of material fact. *See Anderson*, 477 U.S. at 249–50. Dr. Rau knew how to refer patients with eating disorders, but it was I.M.'s own statements that stopped her from going through that process. Ultimately, the record belies any argument that KFHP erected barriers to residential treatment and, in fact, KFHP left treatment decisions in the exclusive control of I.M.'s providers.

      I.M.'s argument concerning his doctor's confusion about an alleged "fail first" policy also fails to establish a breach of fiduciary duty. The confusion arose out of a communication between Dr. Hazlett, I.M.'s psychiatrist, and Dr. Wang, a

doctor at a psychiatry call center. IV ER 474; SER 200. Dr. Wang informed Dr. Hazlett that in order for I.M. to be hospitalized, he must first fail an eating disorder intensive outpatient program evaluation. Not only was this communication about hospitalization — as opposed to residential treatment — but there is no evidence that such a policy was ever applied to I.M. Mere confusion about how to obtain hospitalization in one instance is not adequate grounds for finding a breach of fiduciary duty under ERISA concerning residential treatment.

Finally, it is important to note that administrators like KFHP cannot be held vicariously liable for its providers' medical judgments. *See Watanabe v. Cal. Physicians' Serv.*, 169 Cal. App. 4th 56, 68 (Cal. Ct. App. 2008) ("[H]ealth care services plans 'are not health care providers under any provision of law' ([Cal. Civ. Code § 3428(c)]) and therefore cannot be liable for medical malpractice."). Although this issue does not apply to I.M.'s allegations regarding KFHP's policies and procedures, I.M. appears to try and graft his dissatisfaction with his doctors' course of treatment onto KFHP. His doctors are not KFHP employees, but instead are employed by an affiliated company, the Permanente Medical Group. Therefore, I.M. may not attribute the alleged deficiencies of his doctors to KFHP.

Accordingly, the district court did not err in granting summary judgment in favor of KFHP.

**AFFIRMED.**